IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**
**OF AMERICA**

v.  CAUSE NO. 1:19CR107-LG-RPM-5

**NESTOR MARCELO**
**CAMPOS-RAMENTHOL**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Nestor Marcelo Campos-Ramenthol seeks compassionate release from prison due to his age and medical circumstances. After reviewing the [329] Motion, the record in this matter, and the applicable law, the Court finds that the § 3553 factors weigh against early release. As a result, the Motion is denied.

### BACKGROUND

Defendant pled guilty to one count of possession with intent to distribute a mixture or substance containing a detectable amount of cocaine. On November 23, 2020, the Court sentenced him to 120 months of imprisonment and three years of supervised release. When he filed his Motion, Defendant was incarcerated at FCI-Miami. He has since been transferred to a residential reentry center managed by the Residential Reentry Management field office located in Montgomery, Alabama. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2025). His projected release date is April 23, 2027. *See id.*

## DISCUSSION

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citation modified); 18 U.S.C. § 3582(b). One of those exceptions applies when a court finds that "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement identifies six categories of extraordinary and compelling circumstances warranting a sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) abuse of the defendant; (5) other reasons; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). Before granting a reduction, however, the court must also consider "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### I. EXHAUSTION OF REMEDIES

A defendant must exhaust his administrative remedies by submitting a request to the prison warden prior to filing a compassionate-release motion in federal court. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). If the warden denies the request, the defendant must exhaust "all administrative rights to appeal" before filing his own motion. 18 U.S.C. § 3582(1)(A). If the warden does not respond to the request, the defendant may file his own motion upon "the lapse of 30

days from the receipt of such a request by the warden[.]" *Id.* This procedural requirement is "mandatory" but not jurisdictional. *Franco*, 973 F.3d at 468.

Defendant has submitted a letter he sent to the warden of his facility on July 18, 2024. "Received 9/19/24" and an illegible signature are handwritten at the top of the letter. *See* Def.'s Mot. [329] at 2. Since Defendant does not inform the Court whether the warden responded to his request, it is unclear whether Defendant exhausted his administrative remedies. Nevertheless, the Government has waived the exhaustion requirement by choosing not to respond to Defendant's Motion. *See United States v. Rydell*, No. 1:09-CR-5-HSO-JMR-6, 2024 WL 1526088, at *2 (S.D. Miss. Apr. 8, 2024), *aff'd*, No. 24-60196, 2024 WL 4867070 (5th Cir. Nov. 22, 2024).

## II. DEFENDANT'S AGE

The policy statement provides that the age of the defendant warrants a sentence reduction when he "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

Defendant's medical records reveal he was born on October 7, 1955, so he is 70 years old. Therefore, the first factor is satisfied. As for the second factor, he has been diagnosed with several medical conditions, including heart failure, ischemic cardiomyopathy, dyslipidemia, type II diabetes mellitus, chronic kidney disease (stage 3b), acute kidney failure, chronic obstructive pulmonary disease, hypotension, angina, hypertension, obesity, sleep apnea, enlarged prostate with

lower urinary tract symptoms, age-related cataracts, complete loss of teeth, and presbyopia. The Court finds that these medical conditions, which are substantiated by Defendant's medical records, constitute "serious deterioration" in physical health caused by aging. *See id.*

Defendant's projected release date is April 23, 2027. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2025). He was arrested on September 12, 2019. *See* Arrest Warrant Returned Executed [54]. As a result, he has served approximately seventy-five months of his sentence. Given his projected release date, Defendant's total sentence is just over 91 months. So he has served approximately 82.4% of his sentence, which satisfies the third factor under the policy statement's age category. As a result, Defendant has shown that his age constitutes an extraordinary and compelling circumstance warranting a sentence reduction.

### III. DEFENDANT'S MEDICAL CIRCUMSTANCES

Defendant next seeks compassionate release under the medical circumstances category of the policy statement, which is divided into multiple subcategories. Defendant claims there are extraordinary and compelling reasons warranting a sentence reduction because he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. *See* U.S.S.G. § 1B1.13(b)(1)(C). Defendant also seeks relief because he "is housed at a correctional facility affected or at imminent risk of being affected by . . . an

-4-

ongoing outbreak of infectious disease." *See* U.S.S.G. § 1B1.13(b)(1)(D). These arguments are moot because Defendant is no longer incarcerated. He has been placed in a residential reentry center.

## IV. OTHER REASONS

The policy statement contains a catch-all category labeled "other reasons." This provision provides that a reduction is warranted when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Defendant claims that the following factors, when combined with his age and medical circumstances, constitute extraordinary and compelling reasons warranting a sentence reduction: post-sentencing rehabilitation conduct, time already served on the sentence, and recidivism-risk level. Since the Court has found that Defendant's age constitutes an extraordinary and compelling reason under the policy statement, it is not necessary to address these additional factors.

## V. SECTION 3553(a) FACTORS

Prior to granting compassionate release, courts must consider the relevant § 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

-5-

> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced . . . .

18 U.S.C. § 3553(a)).

Defendant is a career offender because he has been convicted of three controlled substance offenses. He was born in Cuba, and he emigrated to the United States in the 1980s. He claims he was later granted lawful permanent residency, but this status was revoked due to a prior legal conviction. Thus, he is not a legal resident of the United States.

At sentencing, he was held responsible for 1,956.15 grams of cocaine, resulting in a base offense level of 24. Two levels were added because the offense involved possession of a firearm. The guideline range was 151 months to 188 months. The Court granted Defendant a variance and imposed a 120-month

sentence due to his age and physical condition.[1]  Finally, he is now residing at a reentry center after serving approximately 75 months in custody.  Granting an additional reduction would not reflect the seriousness of the offense or provide just punishment.  As a result, the § 3553(a) factors do not weigh in favor of granting a reduction in sentence.

## CONCLUSION

Although Defendant has demonstrated that his age could justify a sentence reduction, the § 3553(a) factors do not weigh in favor of granting a reduction in sentence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's [329] Motion for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] At sentencing, Defendant was 64 years old.  He had been diagnosed with coronary artery disease, cardiomyopathy, hyperlipidemia, diabetes, hypertension, obesity, obstructive sleep apnea, and heart failure.